UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| In Re: | * | Chapter 11 |
| | * | Case Nos. 09-10031-MWV and |
| **Canterbury Woods, LLC and** | * | 09-10030-MWV |
| **Glines Family Partnership** | * | (Jointly |
| | * | Administered) |
| | * | |
| | * | |
| | * | Hearing Date: May 11, 2009 |
| **Debtors.** | * | Hearing Time: 9:00 a.m. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER ON MOTION OF THE DEBTOR, CANTERBURY WOODS, LLC FOR AUTHORITY TO SELL SUBSTANTIALLY ALL OF ITS ASSETS TO ROBERT MacCORMACK OR HIS NOMINEE, FREE AND CLEAR OF LIENS, CLAIMS INTERESTS AND ENCUMBRANCES AND FOR APPROVAL OF THE ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES AND EXECUTORY CONTRACTS

Upon consideration of the motion by the Debtor ('Debtor", "Canterbury Woods" or "Company") for authorization to sell all assets and properties of the Company as defined in the Motion (the "Assets") Free and Clear of Liens, Claims, Encumbrances and Interests to Robert MacCormack or its nominee ("Buyer" and "Successful Bidder") pursuant to the terms and conditions of a certain Purchase Agreement dated April 14, 2009 (the "Purchase Agreement") annexed hereto as <u>Exhibit "A</u>, by private sale <u>as modified</u> by the successful bid amount after competitive bidding at the hearing resulting in an increased purchase price of $1,660,000.00 (the "Purchase Price"), the United States Trustee and all parties in interest with a direct claim against the Assets having received adequate notice of the sale, and the Court having determined that the sale is in the best interests of the estate and that good cause appears therefore, it being further found that:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

B. This is a core proceeding under 28 U.S.C. §157(b) (2) (N).

C. The Motion was duly and properly served on all required persons and entities, including all persons claiming any interest in or lien upon the Assets, and any party identified as having a counter-position on any Executory Contract to be assumed by the Buyer

D. Parties have had a reasonable opportunity to object and be heard regarding the requested relief has been afforded to all interested persons and entities.

E. Objections if any to the Motion have either been withdrawn or overruled;

F. There have been counter-offers, and such counter-offers have been rejected or have become the Purchase Price;

G. The Offer of the Buyer/Successful Bidder is the highest and best offer received by the Debtor during the course of this case after diligent efforts and extensive marketing by the Broker, which was previously approved in the Court's Order on Approval of the Form of Sale Notice, Bid Procedures and adequacy of Notice.

H. The parties have represented that the Purchase Agreement was negotiated and entered into in good faith, from arm's length bargaining positions, and, accordingly, is entitled to the protection of section §363(m) of the Bankruptcy Code with respect to the purchase of the Assets.

I. The sale is authorized pursuant to sections §363(b) and (f), and the provisions of such sections have been met.

K. The consideration to be realized by the Debtor pursuant to the offer is fair and reasonable and the transactions contemplated by the offer are in the best interest of the Debtor's estate and its creditors.

L. In the absence of a stay pending appeal, will be acting in good faith pursuant to section §363(m) of the Bankruptcy Code in closing the transactions contemplated by the Offer at any time following entry of this Order.

M. The Debtor has been authorized to assume and assign the Executory Contracts listed on to the Debtor's Sale Motion, if the Buyer wishes to assume them, if approved by further order of the Court through the procedures contained below.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion be, and hereby is, granted and allowed on the record at the hearing in all respects.

2. The conditions of sections §363(b) and (f) have been met.

3. The conditions of §365 may be met with regard to the assumption and assignment of Executory Contracts the Buyer wishes to assume, since no party to the contracts indicated there were any cure amounts due by filing any objection or notice with the Court. The Buyer shall separately determine whether to assume any Executory Contract(s). If the Buyer wishes to assume any or all Executory Contracts a separate motion and order shall be filed with the Court, which may be done on an ex parte basis, without further hearing, due to the need of the Buyer to close on this transaction on an immediate basis.

4. The acceptance of the offer and performance of the transactions contemplated thereby, be, and they hereby are, approved in all respects and the Debtor hereby is authorized, directed, and empowered to perform obligations under and pursuant to the Purchase Agreement and to take such action as is necessary or appropriate to effectuate the terms and conditions of the Purchase Agreement and this Order.

4. Debtor hereby is authorized, directed and empowered to execute and deliver, or cause to be executed and delivered, any and all documents as may be necessary or appropriate, including, without limitation, deeds, bills of sale, assignments, or otherwise, to implement the terms of the Offer and this Order.

5. The sale will be free and clear of any and all liens, claims (as that term is defined in the Bankruptcy Code), mortgages, guarantees, security interests, pledges, charges, taxes, obligations, rights, interests (including any retaining or possessory liens or interests) and encumbrances, whether arising prior to or subsequent to the filing of the Chapter 11 petition initiating this case, whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Encumbrances").

7. The Buyer is not assuming any liabilities of any kind whatsoever relating to the Assets or the business except as specified in the Purchase Agreement.

8. No governmental approval is required or needs to be obtained to sell the Assets.

9. Debtor has good title to all real and personal property assets sold pursuant to this Order and George Glines shall deliver the Water Rights Easements (defined in the Motion to Sell) in accordance with the agreement of the parties.

10. This Order shall be binding upon, and shall inure to the benefit of, the Debtor and the Buyer, and their respective successors and assigns, including, without limitation, the Buyer's nominee, if any, and any trustee or estate representative if hereinafter appointed for the Debtor's estate.

11. The Encumbrances of any secured claimholders shall attach to the Purchase Price in the same manner and priority as existed pre-petition, subject to : (1) a determination of the portion of the purchase price attributable to the Water Rights Easements ( defined in the Motion

to Sell, which are not encumbered or even owned by the Debtor) either prior to, at or after the sale hearing; (2) any §506(c) rights claimed by the Operator, Broker or Counsel per prior court order, if any, or otherwise; (3) any argument that any increase in value of the Assets post-petition should not inure to the benefit of secured parties, but should belong to unsecured claimholders; and (4) any other outstanding issues known or unknown at this time.

12. This Order is binding on the holders of all Encumbrances

13. This Court shall retain jurisdiction over the parties to the extent provided in the Purchase Agreement for the purpose of enforcing the provisions of this Order and for the purpose of resolving any disputes that arise out of the Offer or this Order.

14. The Following fees and costs shall be paid out of the Purchase Price at closing: (1) all outstanding real estate taxes through the date of closing; (2) the Broker's commission and expenses of 5% of the Purchase Price, which is $83,000.00; (3) any and all customary closing costs associated with the closing, including transfer taxes (which shall be split among Buyer and Debtor as is customary); (4) temporary payment to the Bank of New England (the "First Priority First Priority Lender") from the Purchase Price shall be made in the amount of $1,320,000 subject to approval of the Proposed Settlement described below (the "Proposed Settlement") or as otherwise contained in this Order. Any remaining funds from the Purchase Price shall be held by Debtor's Counsel pending further order of the Court, subject to paragraph 11 above.

15. The Debtor and the First Priority First Priority Lender have reached agreement on a compromise of the First Priority First Priority Lender's claim, which will resolve any issues between them, including issues contained in the Adversary Proceeding brought by the Debtor against the First Priority Lender with regard to the value of the Water Right Easements. As part of the Proposed Settlement, the parties have agreed the First Priority Lender be paid $1,320,000

in full satisfaction of its Claim. Upon approval of the Proposed Settlement, the First Priority Lender shall have no further claims against the Debtor or Glines on his guaranty, or any other party involved in this loan transaction. The Proposed Settlement will be submitted to the Court under the rules and procedures contained in section 105 of the bankruptcy code and Bankruptcy Rule 9019 within 10 days of the approval of this order. The parties shall execute mutual releases of each other any guarantor and agents and other parties associated with the Debtor or First Priority Lender that are contained in standard releases. The aforementioned release shall apply only to Glines obligation with respect to his guaranty of obligations of the Company owed to the First Priority Lender. No release of any of Glines liability for obligations owed to the First Priority Lender in respect of the Glines Family Partnership arise by any release provided to Glines with respect to the Company.

16. The Debtor's counsel has approximately $80,000 of legal fees at this time and a $10,000.00 pre-petition retainer. Debtor will have further legal services to close the loan and confirm a liquidating plan. The remaining funds after all administrative expenses will be paid to unsecured creditors if the settlement is approved. If the Proposed Settlement is not approved the parties shall retain all of their rights against each other.

17. Unless and until the Proposed Settlement is approved, the Debtor shall have claims against the First Priority Lender identified in paragraph 11 or otherwise and the First Priority Lender's shall have the rights to contest such claims, or bring affirmative claims, if any-- it being the intention of the parties that neither party waive any of its rights unless the Proposed Settlement is approved by the Court. Notwithstanding, the First Priority Lender waives any liens or claims identified in paragraph 5 against the Assets, including any mortgages or security interests, with its liens attaching to the Purchase Price in the amount of $1,470,000, the First

Priority Lender's claim as of the sale date, which claim may increase if the Proposed Settlement is not approved. All other lien holders on the Assets have either consented to the sale or do not have valid liens against the Assets.

18. For good cause shown, and for the reasons stated in open court, including the need of the Buyer to immediately obtain title to the Assets in order to take control of the course during this season, and pursuant to Federal Bankruptcy Rule 6004(g), this Order shall be effective and enforceable immediately upon entry and no automatic stay of execution shall apply with respect thereto.

19. In the absence of a stay pending appeal, upon the Buyer's closing under the Agreement after entry this Order, then, with respect to the Purchase Agreement approved and authorized herein, the Buyer (and its nominee, if any) shall be entitled to the protection of §363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal.

20. This Order constitutes findings of fact and rulings of law.

SO ORDERED,

May 12,2009
Date

/s/ Mark W. Vaughn
Mark W. Vaughn, Chief Judge
United States Bankruptcy Court
For the District of New Hampshire